**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| OBAIDO HITTO, | § | |
|     Plaintff, | § | |
| | § | |
| v. | § | Case No. 4:08-cv-221 |
| | § | |
| THE CITY OF MURPHY and KEVIN | § | |
| MCGEE, individually and in his official | § | |
| capacity, | § | |
|     Defendants. | § | |

**MEMORANDUM OPINION & ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTIONS TO DISMISS**

Before the court are the following:

1. Defendants City of Murphy and Kevin McGee, in His Official Capacity's, Rule 12(b)(6) Motion to Dismiss and Brief (de # 9);

2. Plaintiff's Memorandum in Opposition to Defendant City of Murphy and Kevin McGee's Rule 12(b)(6) Motion to Dismiss and Brief in Support Thereof (de # 14);

3. Defendants City of Murphy and Kevin McGee, in His Official Capacity's, Reply to Plaintiff's Response to Rule 12(b)(6) Motion to Dismiss and Brief (de # 18);

4. Plaintiff's Sur-reply to Defendants City of Murphy and Kevin McGee, in His Official Capacity's, Reply to Plaintiff's Response to Rule 12(b)(6) Motion to Dismiss (de # 33);

5. Defendant Kevin McGee, in His Individual Capacity's, Rule 12(b)(6) Motion to Dismiss and Brief (de # 10); and

6. Plaintiff's Memorandum in Opposition to Defendant Kevin McGee's Rule 12(b)(6) Motion to Dismiss in His Individual Capacity and Brief in Support Thereof (de # 15).

Having considered the Motions, the arguments of the parties and the relevant legal principles, the court is of the opinion that both Motions should be GRANTED.

**I. BACKGROUND**

The following facts, which are accepted as true for the purposes of this decision, are taken

from the Plaintiff's First Amended Complaint. The Plaintiff, then a 16 year-old minor, was riding his bicycle in Murphy, Texas at around 2:30 am on June 20, 2006. The Plaintiff was stopped by Officer Kevin McGee of the Murphy Police Department for failing to stop at a stop sign. During the stop, McGee evidently noticed something in the Plaintiff's mouth which he believed to be marijuana. The pleadings provide no enlightenment as to what created McGee's belief about the purported marijuana.

The Plaintiff refused to answer McGee's repeated questions concerning the substance that was in his mouth. Otherwise, the Plaintiff was cooperative during the initial stages of the stop. At some point, the Plaintiff removed a baseball cap from his head. The Plaintiff contends, and the court accepts for present purposes, that the Plaintiff's motions were neither furtive nor sudden. Officer McGee then grabbed the Plaintiff, brought him to the ground and put pressure on the Plaintiff's body as the Plaintiff laid face down on the pavement. The Plaintiff immediately informed Officer McGee that his neck had been operated upon and that McGee was hurting his neck.

While the Plaintiff was on the ground, Officer McGee attempted to pry open the Plaintiff's mouth to investigate his hunch that the Plaintiff was hiding marijuana there. Officer McGee instructed the Plaintiff to place his hands behind his back so that he could be handcuffed and arrested. When the two came to the ground, they did so in a manner that the Plaintiff's arms were pinned between his body and the pavement. The Plaintiff attempted to comply with Officer McGee's request that he put his hands behind his back by removing them from under his body. Officer McGee evidently interpreted these motions as resistance. He responded by spraying the Plaintiff with pepper spray. The Plaintiff flailed about in pain from the spray, accidentally hitting Officer McGee's elbow and causing Officer McGee to spray himself with pepper spray. Officer

McGee put one handcuff on the Plaintiff and waited for backup to arrive in order to complete the arrest. While waiting for help to arrive, Officer McGee continued to apply pressure to the Plaintiff's prone body to subdue the Plaintiff. The Plaintiff was eventually taken to jail but was never cited for failing to stop at a stop sign. The pleadings do not address whether there were any bystanders in the area, but the amended complaint states that the Plaintiff was never a threat to anyone. As a result of the incident, the Plaintiff has been informed that his neck will require further surgical care.

Count I of the First Amended Complaint alleges a claim against Officer McGee under 42 U.S.C. § 1983 for violating the Plaintiff's equal protection and substantive due process rights and his rights to be free of cruel and unusual punishment, excessive force and unreasonable search and seizure. Count II of the First Amended Complaint alleges a municipal liability claim under Section 1983 against the City of Murphy. Count III of the First Amended Complaint reiterates the Plaintiff's excessive force claim against Officer McGee. Count IV of the First Amended Complaint allege claims of assault and battery against Officer McGee and negligence against the City of Murphy under the Texas Tort Claims Act. And Count V of the First Amended Complaint alleges claims against Officer McGee for false arrest and illegal imprisonment. The Defendants have asserted the affirmative defenses of qualified immunity in response to the federal claims and official immunity in response to the state law claims.

## II. LEGAL STANDARD

Motions to dismiss under Rule 12(b)(6) are disfavored and are rarely granted. *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004). In passing on a Rule 12(b)(6) motion, a court must accept all of the plaintiff's allegations as true. *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir. 2005). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any

set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8. Although detailed factual allegations are not required, a plaintiff must provide the grounds of its entitlement to relief beyond mere "labels and conclusions;" "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level," *id*. at 555, and into the "realm of plausible liability." *Id*. at 557 n.5.

### III. DISCUSSION & ANALYSIS

A. *Motion to Dismiss by Officer McGee in His Individual Capacity*

    1.    Claims Under Federal Law

To succeed on his excessive force claim under Section 1983, Hitto must show (1) an injury (2) that resulted directly and only from a use of force that was excessive to the need for force, and (3) that the use of force was objectively unreasonable under the circumstances. *Ramirez v. Knoulton*, 542 F.3d 124, 128 (5th Cir. 2008). Though some *de minimis* injuries will not satisfy the first element, *Flores v. City of Palacios*, 381 F.3d 391, 397-98 (5th Cir. 2004), an injury is generally legally cognizable when it results from a degree of force that is constitutionally impermissible—that is, objectively unreasonable under the circumstances. *Ikerd v. Blair*, 101 F.3d 430, 434-35 (5th Cir. 1996). The objective reasonableness of the force is highly dependent upon the circumstances of the particular case, such that the need for force determines how much force is constitutionally permissible. *Id*. at 434. Specifically, the court should consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he

is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

Officer McGee has raised the affirmative defense of qualified immunity. "A government official performing discretionary functions is entitled to qualified immunity unless his conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Bush v. Strain*, 513 F.3d 492, 500 (2008). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009). The court must consider two questions in determining the applicability of the qualified immunity defense: (1) whether the plaintiff has alleged the violation of a statutory or constitutional right; and (2) whether the defendant's actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Flores*, 381 F.3d at 395. The court applies "current law to the first step and the law at the time of the incident to the second step, which may sometimes result in applying different tests to the two steps." *Id*. at 395 n.3. Until recently, the Supreme Court had required lower courts to address the issues in that order. But while such consideration "is often appropriate," the courts are now given the discretion to consider them in whichever sequence they deem best. *Pearson*, 129 S. Ct at 818.

Courts must judge the reasonableness of an officer's conduct by taking into account the "'tense, uncertain, and rapidly evolving'" circumstances in which officers must often "'make split-second judgments . . . about the amount of force that is necessary in a particular situation.'" *Saucier v. Katz*, 533 U.S. 194, 205 (2001) (quoting *Graham*, 490 U.S. at 397). From this "on-scene

perspective" rather than with the aid of the "'20/20 vision of hindsight,'" courts should examine the objective reasonableness of an officer's belief that a certain degree of force was lawful under the circumstances. *Id.* (quoting *Graham*, 490 U.S. at 396).

There is no controversy in stating that the right to make an arrest "'necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it,'" *Id.* at 208 (quoting *Graham*, 490 U.S. at 396). The permissible degree of force depends on the severity of the crime at issue, whether the suspect posed a threat to the officer's safety, and whether the suspect was resisting arrest or attempting to flee. *Graham*, 490 U.S. at 396.

The court begins by noting that it is a violation of Texas law to fail to stop at a stop sign, even while riding a bicycle, as the Plaintiff was. TEX. TRASNP. CODE § 544.010 (Vernon 2009); *id.* at § 551.101 (imposing on cyclists who use roadways the same duties imposed on motorists). An officer who has probable cause to believe that an offense has occurred in his presence may arrest the suspected offender without a warrant without offending the Fourth Amendment, even where the offense is a minor one and punishable only by fine. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

Thus, Officer McGee acted within the bounds of his authority when he stopped the Plaintiff for having run the stop sign on his bicycle.[1] During McGee's questioning, the Plaintiff removed his baseball cap so that Officer McGee could get a better look at his face. The court must take as true the Plaintiff's contention that he removed his cap simply to show Officer McGee his face. The court

---

[1]The court finds the Plaintiff's allegation that the stop was initiated without probable cause to be a legal conclusion "masquerading as [a] factual conclusion[]." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). Accordingly, it poses no bar to granting any portion of the instant motions. *Id.*

recognizes that "police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 397. While the court's role is not to second guess any reasonable decisions made by Officer McGee in the context in which they were made, *Ramirez*, 542 F.3d at 130, there is no explanation in the briefing supplied by Officer McGee as to why it was necessary to bring the Plaintiff to the ground after he removed his cap. Without some explanation by Officer McGee of why the alleged force in taking the Plaintiff to the ground was a reasonable response to the Plaintiff's removal of his cap, the court is not willing to conclude that the force was objectively reasonable under the circumstances. Based on the foregoing, the court finds that the Plaintiff has alleged a constitutional violation grounded in Officer McGee's alleged use of excessive force.

Notwithstanding the court's conclusion on the Plaintiff's excessive force claim, the Plaintiff's other Section 1983 claims against Officer McGee fail. Because Officer McGee had probable cause to detain the Plaintiff, the Plaintiff's claim for unreasonable search and seizure should be dismissed. *Connors v. Graves*, 538 F.3d 373, 377 (5th Cir. 2008) (citing *Fields v. City of S. Houston*, 922 F.2d 1183, 1189 (5th Cir. 1989)). The Plaintiff has failed to allege that Officer McGee discriminated against him based on his membership in a protected class, rendering his equal protection claim inadequate. *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999). The Plaintiff also seems to claim that his right to be free from cruel and unusual punishment was infringed. In order to prevail on such a claim, the Plaintiff must show, among other elements, that Officer McGee acted with deliberate indifference or intended to harm him. *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000). The

Plaintiff has failed to make that allegation, and this claim under the Fourteenth Amendment[2] must fail. Finally, the Plaintiff also appears to allege a claim that his substantive due process rights were violated. The Supreme Court has stated that "only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) (quoting *Collins v. Harker Heights*, 503 U.S. 115, 129 (1992)). Thus, only executive abuses of power that "shock the conscience" can support a Fourteenth Amendment claim under Section 1983. *Id*. The incident between the Plaintiff and Officer McGee quite plainly falls below that high bar.

    2.    <u>Claims Under Texas Law</u>

In Texas, "government employees are entitled to official immunity from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority." *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994). This test is "derived substantially from the test that has emerged under federal immunity law for claims of qualified immunity in § 1983 cases." *Id*. at 656. The distinction, though often obscure, lies in Section 1983's emphasis on the violation of a clearly protected right and the Texas rule's emphasis on "whether the official's activities were undertaken in 'good faith.'" *Hart v. O'Brien*, 127 F.3d 424, 450 (5th Cir. 1997). An official acts in good faith if "a reasonably prudent officer, under the same or similar circumstances, could have believed that [the subject] conduct was justified based on the information he possessed when the conduct occurred." *Telthorster v. Tennell*, 92 S.W.3d 457, 465 (Tex. 2002). The court can not conclude that Officer McGee acted in good faith for substantially

---

[2] As a pretrial detainee, it is the Fourteenth Amendment, and not the Eighth, that secured to the Plaintiff the right to be free from cruel and unusual punishment. *Id*.

the same reasons that the court can not conclude that Officer McGee's response was objectively reasonable under the circumstances. Accordingly, the state law claim for assault and battery asserted against Officer McGee remains pending. However, with respect to the state law claim for false arrest and illegal imprisonment, the court find that the claim should be dismissed because Officer McGee had probable cause to detain the Plaintiff. *Villegas v. Griffin Indus.*, 975 S.W.2d 745, 754 (Tex. App.—Corpus Christi 1998, pet. denied).

B.      *Motion to Dismiss by City of Murphy and Officer McGee in his Official Capacity*

A suit against a government official in his official capacity is a suit against the governmental entity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Waltman v. Payne*, 535 F.3d 342, 349 (5th Cir. 2008). In cases where the governmental entity itself is a defendant, claims against specific officials in their official capacities are redundant and it is appropriate to dismiss them. Therefore, the court is of the opinion that the Plaintiff's claims against Officer McGee in his official capacity should be dismissed.

In order to prevail on his municipal liability claim under Section 1983 against the City of Murphy, the Plaintiff must establish the existence of "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). The court finds that the Plaintiff has sufficiently alleged a claim against the City of Murphy.

The Plaintiff also requests leave to amend his complaint should any of his claims be dismissed so that he may "rectify and clarify" his allegations against the Defendants. The court is not inclined to grant the Plaintiff's request. Rule 15(a)(2) provides that a party may amend its

pleading with the opposing party's consent or with the court's permission. The court should freely give leave to amend "when justice so requires." The Plaintiff has already amended his complaint one time. The Plaintiff does not provide any details as to what might be expected of a hypothetical second amended complaint. In other words, the court is not given any explanation of why justice would require granting leave to amend the complaint a second time. The Fifth Circuit has cautioned that "plaintiffs cannot be allowed to continue to amend or supplement their pleading until they stumble upon a formula that carries them over the threshold." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). Accordingly, the court denies the Plaintiff's request for leave to amend.

## IV. CONCLUSION

Based on the foregoing, the court finds that the Plaintiff's excessive force and assault and battery claims against Officer McGee in his individual capacity are not barred by the affirmative defenses of qualified immunity and official immunity, respectively. The court also finds that the Plaintiff's claims against Officer McGee in his individual capacity for unreasonable search and seizure, cruel and unusual punishment, violation of equal protection and substantive due process rights, and false imprisonment and false arrest should be, and hereby are, DISMISSED. Accordingly, the court is of the opinion that the "Defendant Kevin McGee, in His Individual Capacity's, Rule 12(b)(6) Motion to Dismiss" (de # 10) should be, and hereby is, GRANTED IN PART and DENIED IN PART.

In addition, the court finds that the Plaintiff has alleged facts that would support a Section 1983 claim against the City of Murphy. Finally, the court finds that the claims against Officer McGee in his official capacity should be, and hereby are, DISMISSED as being redundant of the claims alleged against the City of Murphy. Accordingly, the court is of the opinion that the

"Defendants City of Murphy and Kevin McGee, in His Official Capacity's, Rule 12(b)(6) Motion to Dismiss" (de # 9) should be, and hereby is, GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

**SIGNED this the 23rd day of March, 2009.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE